IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CINDY BROOKS, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | : **5 : 04-CV-386 (RLH)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on November 10, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for disability benefits in March 2001, alleging disability since January 25, 2001, due to scoliosis, arthritis, and depression . Her application was denied throughout all administrative levels, with the ALJ determining that the plaintiff remained capable of performing a full range of light work and that a significant number of jobs existed in the national economy which she remained capable of performing. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ erred in assessing the

plaintiff's residual functional capacity, failed to properly evaluate her subjective complaints of pain, and failed to accord adequate weight to the opinion of her treating physician.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Credibility determination*

Initially, the plaintiff argues that the ALJ erred in determining her residual functional capacity inasmuch as the ALJ failed to account for physical limitations described by the plaintiff and a treating physician.  The ALJ determined that

> [t]he claimant has the residual functional capacity to perform light
> work that never requires climbing ladders, ropes or scaffolds. She is
> individually limited to climbing ramps/stairs, balancing, stooping,
> crouching, and crawling to no more than 2 ½ hours per eight-hour
> workday. She should be able to alternate between sitting, standing
> and walking approximately two to three times per hour to relieve
> any discomfort that might build up. She is limited to performing
> work activities within a specific vocational profile of 1 to 3. While
> her concentration may drift from 0 to 2 ½ hours during an eight-hour
> workday if the work is repetitive, routine or boring, the claimant can
> pay enough attention to details to accomplish all assigned tasks
> within the same workday. Although she may be late going to work
> or returning from a scheduled work break by up to fifteen minutes
> per time and it will occur once or twice a week, the claimant will
> still be able to complete all assigned tasks within the same workday.

R. at 22.

The plaintiff asserts that the ALJ failed to discuss the effects of standing and walking and pushing/pulling, and that the plaintiff's testimony regarding difficulties with prolonged standing and walking was supported by the reports of Dr. Jeffrey Field. The plaintiff also asserts that the ALJ mischaracterized the plaintiff's daily activities and failed to account for her mental limitations.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered,

using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ specifically discussed those limitations which he found to be credible and supported by the objective medical record.  The ALJ's RFC finding includes specific discussion of plaintiff's various physical and mental limitations.  The ALJ's description of her daily activities accurately reflected the plaintiff's testimony, showing that the plaintiff did some cooking and performed some household chores.  The ALJ discussed the plaintiff's mental impairment and noted her resulting limitations, but ultimately found and relied upon the plaintiff's continued improvement with therapy and medications.  Additionally, the ALJ specifically found the plaintiff's testimony as to total disability to be less than fully credible, relying on the objective medical evidence and the lack of objective findings to support a finding of total disability.

*Treating physician*

Finally, the plaintiff argues that the ALJ improperly rejected the opinions and findings issued by Dr. Greg Eilers.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual

functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  Id.

Herein, the ALJ discussed the findings of Dr. Eilers, noting that Dr. Eilers "opined in a residual functional capacity statement that the claimant could not perform more than sedentary work because of fibromyalgia and rheumatoid arthritis."  R. at 19.  The ALJ went on to find, however, that "the medical evidence is void of any laboratory findings such as a positive ANA or rheumatoid factor or of clinical findings such as trigger points for either disease. . . . Thus, I give Dr. Eilers' opinion no evidentiary weight regarding his statement of sedentary work."  R. at 19.  The ALJ's findings in this regard are supported by substantial evidence; the ALJ properly provided specific reasons, supported by the objective medical record, for discrediting Dr. Eiler's opinion of disability, a conclusion properly reserved for the Commissioner.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial

evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 21st day of March, 2006.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb